## MILES v. BENTON TOWNSHIP *et al.*

1. Artesian wells sunk by townships at the expense of the taxpayers, as authorized by Laws, 1891, Chap. 80, and laws 1895, Chap. 103,—the water to be placed in tanks in the public highways, to supply the general public for watering stock and other domestic uses, and to be used for irrigation purposes,—is for a public purpose, within Const. Art. 10, providing that "no tax or assessment shall be levied or collected, or debt contracted, by municipal corporations, except in pursuance of law for public purposes specified by law."

2. Laws 1891, Chap. 80, entitled "An act authorizing civil townships to sink artesian wells for public purposes and to issue bonds therefor," which authorizes townships to sink artesian wells at the expense of the taxpayers,—the water to be placed in tanks in the public highways, to supply the general public for watering stock and other domestic uses, and to be used for irrigation purposes,—sufficiently expresses its subject in its title.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action by Leroy D. Miles against Benton township and others to enjoin the issuing of bonds to sink an artesian well. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Sterling & Morris,* for appellant.

Chapter 80, Laws 1891 and Chapter 103, Laws 1895, amendatory thereof, authorizing civil townships to sink artesian wells for public purposes and to issue bonds therefor, are unconstitutional. Sec. 10, Art. 11, Const. South Dakota; Sec. 18, Art. 6, Const. S. D.; Adams v. Smith, 6 Dak. 94; 15 Am. & Eng. Enc. of Laws, 953; Cooley's Const. Lim. 607: Taylor v. Thompson, 42 Ill. 9; Att'y Gen'l v. Eau Claire, 37 Wis. 400; People v. Trustees, 78 Ill. 136; Hackett v. Ottawa, 99 U. S. 86; Coates v. Campbell, 35 N. W. 366; Allen v. Joy, 11 Am. Rep. 185; Tyler v. Beach, 8 Am. Rep. 100; Smith v. Townsend, 148 U. S. 490; Arell v. Field, 20 S. W. 672; Savings & Loan Ass'n v. Topeka, 20 Wall 655; O'Brien v. Krenz, 30 N. W. 458; Ballentine v. Wiley, 31 Pac. 994; Titusville v. Keystone, 1 L. R. A. 361; Wadsworth v. Railroad, 33 Pac. 515; Trumble v. Trumble, 55 N. W. 869; People v. Parks, 58 Cal. 624; State v.

Denny, 4 L. R. A. 65; Allen v. City, 103 U. S. 80; Huber v. People, 49 N. Y. 132; State v. Morgan, 2 S. D. 32; Dobson v. Pierre, 10 N. E. 218; Sec. 1, Art. 13, Const. S. D.

*E. B. Korns*, for respondent.

Cited contra. Cooley Const. Lim , 106, 205; 1 Blackwell Tax Titles 38; 1 Desty on Taxation 18; Cooley on Taxation, 65, 124; Dillon Mun. Corp. 600; Opinion of Justices, 150 Mass. 592; *Id.* 155 Mass. 598; Fallbrook v. Bradley, 17 Sup. Ct. Rep. 64; Sutherland Stat. Const. 229, 211; Paxton v. Irr. & Land Co., 64 N. W., 343; Lotah Co. v. Peterson, 2 Idaho 118; Umatilla v. Barnhart, 22 Or. 389; Kinney on Irrigation. 29; Tregea v. Board, 17 Sup. Ct. Rep. 52; Kuby v. Pittsburgh, 104 U. S. 7; People v. Brooklyn, 4 N. Y. 419; Talbot v. Hudson, 16 Gray 417; State v. Toledo, 48 O. St. 112; Paulson v. Portland, 149 U. S. 30; Spencer v. Merchant, 125 U. S. 345; State v. Becker, 51 N. W. 1021; State v. Pond, 6 S. W. 469; *In re* Oliver, 17 Wis. 682; Powell v. Com. 7 At. 913; Bridges v. Shallcross, 6 W. Va. 574.

HANEY, J.    This action was brought by a taxpayer of Benton township, in Spink county, to enjoin the township and its officers from issuing bonds for sinking an artesian well, and levying a tax therefor, pursuant to chapter 80, Laws 1891, and chapter 103, Laws 1895; claiming in his complaint that, by reason of the amount of taxable property in the township, but one well could be secured, and that, by reason of the location of the proposed well, neither he nor many other residents of the township would ever derive any benefit therefrom.    He appeals from an order sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and from a judgment dismissing the action.

It was the evident object of this legislation to clothe the civil township, as a public corporation, with power to supply its inhabitants with water for irrigation, domestic, and manufacturing purposes, and, under certain circumstances, for the purpose of filling lake beds, streams, and artificial reservoirs, by means of artesian wells. The construction of such wells necessarily involves expense, which is to be provided for by taxation and the issuing of bonds. The township is authorized to construct wells at the expense of its taxpayers, and to dispose of the water derived therefrom (1) by conducting it from each well to a tank, at a point in the public highway nearest thereto, wherein sufficient water shall be kept to supply the general public for watering stock and other domestic uses; (2) by furnishing it for irrigation and domestic use, defined to be household use, the supply of domestic animals, and watering trees, grass, flowers and shrubbery about the house of the consumer; and (3) under certain conditions, by furnishing it for manufacturing purposes. In brief, each township is authorized to construct and maintain a system of waterworks for the use and benefit of residents and property owners within its limits, and for the use and benefit of all persons who may have occasion to travel its highways. In view of the want of moisture frequently observed in the so-called "Artesian Basin" of this state, the object sought by the legislation would seem to be highly commendable.

The only important question presented is whether a civil township corporation can, under the constitution, be clothed with power to construct and maintain a system of waterworks adapted to the needs and conditions prevailing within its boundaries. We are not called upon to decide whether or not the

law contains any particular provision which conflicts with the constitution, or which is not embraced within the title of the original act; but is the law, as amended, in its entirety, void for the reason that the legislature is forbidden by the constitution from conferring upon civil-township, corporations the power to establish waterworks at the expense of their taxpayers? It would startle the profession and general public to suggest that an incorporated city in this state cannot be authorized to construct waterworks by means of an artesion well. Assuming (what is extremely doubtful) that Article 10 of the constitution was intended to apply to civil townships, the only limitation upon legislative power therein, affecting the proposition under discussion, is that "no tax or assessment shall be levied or collected, or debt contracted by municipal corporations, except in pursuance of law for public purposes specified by law." It will not be contended that an incorporated city may not expend its revenues in securing a water supply by sinking one or more artesian wells. It would be difficult to imagine any method of expending its revenues for a more strictly public purpose. What possible distinction can be drawn between a city and township in this respect? The powers which may be conferred upon a public corporation are not dependent upon the number or occupations of its inhabitants. It is quite as necessary and proper that people living in a civil township should have a sufficient supply of wholesome water for domestic uses as that people residing in an incorporated town or city should have such supply. We are aware of no constitutional provision which precludes the legislature from authorizing either of these classes of corporations to expend their revenues in supplying their inhabitants with

water for all the uses named in the law under consideration, with the possible exception of manufacturing purposes; and upon that feaure of the law we express no opinion at this time. The maintaining of a public water tank, as provided for in the act, is in itself a sufficient benefit to all the taxpayers of a civil township to warrant the construction of an artesian well at the public expense. Under the law, those who derive a spécial benefit (as is the case with citizens of an incorporated city) from using the water in their houses and upon their lands are required to pay a presumably reasonable compensation for the privilege; the revenues derived from this source being applied in payment of the cost of the wells, and other expenses connected therewith. We think the law, so far as it authorizes civil townships to issue bonds and levy taxes for the purpose of constructing artesian wells, is clearly constitutional, and was so as the constitution was when this action was commenced. The title of the 1891 act is as follows: "An act authorizing civil townships to sink artesian wells for public purposes and to issue bonds therefor." This is clearly sufficient to sustain the substantial features of the act, and the title of the amendatory act is unobjectionable. State v. Morgan, 2 S. D. 32, 48 N. W. 314. The judgment of the circuit court is affirmed.